UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

January 25, 2023

MEMORANDUM TO PARTIES RE:    Trainor v. McGettigan, et al.
                             Civil Action No. GLR-22-1505

Dear Parties:

Pending before the Court are Defendants Rosemary Anne McGettigan, Michael J. Newnam, Courtney Maladecki, Richard E. Newnam, and David J. Newnam's Motion to Dismiss (ECF No. 7) and Plaintiff Pamela Anne Trainor's Motion for Leave to File Surreply (ECF No. 46). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons set forth below, the Court will grant both Motions.

Self-represented Plaintiff Pamela Anne Trainor, a Maryland resident, was friends with Dorothea Newnam, an elderly woman and North Carolina resident.[1] (Compl. at 9, ECF No. 1; Opp'n at 29, ECF No. 38-1).[2] Trainor alleges that Defendants, Dorothea's family members and residents of Pennsylvania and Texas, made false, defamatory statements between June 20, 2019 and March 24, 2020 to the police and the North Carolina Department of Social Services. (Compl. at 9; Opp'n at 30). Defendants reported that Trainor was abusing and exploiting Dorothea for financial gain. (See Compl. at 9, 12). Defendants allegedly knew their statements were false and acted with malice in order to "ruin" Trainor and take control of Dorothea's finances for themselves. (Id. at 9; Opp'n at 29−30).

As a result of Defendant's reports to authorities, Trainor was arrested on June 20, 2019 and prosecuted for elder abuse in North Carolina. (Compl. at 10). Those chargers were later dismissed in January 2022. (Id. at 9). On June 25, 2019, Trainor's employer fired her when it heard about the allegations. (Id.). Trainor was subsequently "unemployable" due to the felony charges and the harm to her reputation. (Id. at 10−12). She became dependent on her family for financial support, and she also suffered mental and emotional harm. (Id.).

On June 21, 2022, Trainor filed a Complaint alleging defamation and seeking $20,373,500.00 in damages for monetary losses, pain and suffering, special damages, and punitive damages. (Compl. at 9−14, ECF No. 1).[3] On August 1, 2022, Defendants filed a Motion to Dismiss.

---

[1] Unless otherwise noted, the Court takes the following facts from Trainor's Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] References to page numbers refer to the pagination of the PDF document as it exists on the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[3] The procedural docket in this case is extensive and thus the Court includes only the necessary procedural history.

(ECF No. 7). Trainor filed an Opposition on October 18, 2022 (ECF No. 38-1) and Defendants filed a Reply on November 1, 2022 (ECF No. 44). On November 16, 2022, Trainor filed a Motion for Leave to File Surreply. (ECF No. 46). The Defendants filed an Opposition on November 23, 2022 (ECF No. 47) and Trainor did not file a Reply.

**Motion for Leave to File Surreply**

Trainor requests leave to file a Surreply because Defendants allegedly raised new arguments for the first time in their Reply, including that Trainor abandoned certain claims outlined in her Complaint. (Surreply at 1, ECF No. 46-1; Defs.' Reply Mem. Supp. Mot. Dismiss at 2, ECF No. 44). Defendants counter that any new arguments raised were purely factual in nature and that surreplies are generally disfavored in this District. (Defs.' Mem. Opp'n Pl.'s Mot. Leave File Surreply at 3−4, ECF No. 47).

Though surreplies are generally not permitted, see Local Rule 105.2(a), the Court in its discretion may allow a party to file a surreply. EEOC v. Freeman, 961 F.Supp.2d 783, 801 (D.Md. 2013), aff'd in part, 778 F.3d 463 (4th Cir. 2015). This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs. See Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003), aff'd, 85 F.App'x 960 (4th Cir. 2004). However, courts have also used this discretion to permit self-represented parties to file surreplies even where no new matters were raised in the reply brief. See Williams v. Bartee, No. CCB-10-935, 2011 WL 2842367, at *2 (D.Md. July 14, 2011), aff'd sub nom. Williams v. Merritt, 469 F.App'x 270 (4th Cir. 2012) (permitting pro se party to file surreply that does not address new material but also does not "unduly prejudice defendants").

Although Defendants did not raise new legal arguments in their Reply, the Court will grant Trainor's Motion for Leave to File Surreply due to her pro se status and because her proposed Surreply contains brief, reasonable arguments to address the issues raised by the Defendants. Further, the Court finds that because the arguments contained in her Surreply do not change the outcome of its analysis below, Defendants will not be unduly prejudiced by them. Accordingly, the Court grants Trainor's Motion and considers her Surreply below.

**Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917

F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). Further, complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe such complaints. See Haines v. Kerner, 404 U.S. 519, 595–96 (1972). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

In their Motion to Dismiss, Defendants make three primary arguments: 1) Trainor's claims are barred by the statute of limitations, (Mem. Supp. Defs.' Mot. Dismiss ["Mot."] at 5, ECF No. 7-1); 2) the alleged defamatory statements are protected by absolute privilege or statutory immunity, (id. at 7, 10); and 3) Trainor has failed to allege critical elements of her claims, (id. at 11). The Court will grant the Motion based on the statute of limitations and thus it need not address the other arguments or the merits of Trainor's claims.

As a federal court sitting in diversity, this Court is obligated to apply Maryland's choice of law rules. Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007). Under Maryland's choice of law rules, procedural matters are governed by Maryland law. Johnson-Howard v. AECOM Special Missions Servs., Inc., 434 F.Supp.3d 359, 371 (D.Md. 2020). Subject to exceptions that do not apply here, "Maryland courts almost universally view issues pertaining to the statute of limitations as procedural, not substantive." Id. Therefore, the Court must apply Maryland's one year statute of limitations period for defamation actions. See Md. Code Ann., Cts. & Jud. Proc. § 5-105. Further, Maryland follows the discovery rule, which provides that a cause of action for a tort accrues at the time the plaintiff "knows or reasonably should know of the wrong." Interphase Garment Sols., LLC v. Fox Television Stations, Inc., 566 F.Supp.2d 460, 464 (D.Md. 2008) (quoting Hecht v. Resol. Trust Corp., 635 A.2d 394, 400 (Md. 1994)).

Trainor argues that the one-year statute of limitations does not bar her claims because: 1) the COVID-19 pandemic shut down the court system, (Opp'n at 4); 2) the criminal prosecution tolled the limitations period, (id. at 3); and 3) she did not learn of the publication of some statements until February 2022, (id.). The Court will address each of these arguments.

As to Trainor's first argument, she is partially correct that the COVID-19 pandemic did temporarily close state courts in Maryland. See Murphy v. Liberty Mut. Ins. Co., 274 A.3d 412, 429 (Md. 2022). Accordingly, the Maryland Court of Appeals issued an administrative order tolling the statute of limitations for State law claims otherwise imposed by a statute from March 16, 2020 to July 20, 2020. Id. However, the extra 126 days of tolling is insufficient to salvage Trainor's claims. The alleged defamatory statements were made and published between June 20, 2019 and March 24, 2020. (Compl. at 6−7). Therefore, taking the tolling period into account, the statute of limitations for her claims expired on July 21, 2021 at the latest. Trainor did not file her

Complaint until June 21, 2022 and thus her claims are time-barred.

      Second, Trainor argues that the criminal charge against her was not resolved "for nearly three years" and that "[w]hen an individual faces a possible criminal trial . . . she is generally unable to start a civil case at the same time." (Opp'n at 3). Trainor does not cite an any authority to support this theory. She could, as Defendants suggested, have filed suit and then moved to stay the proceedings until the resolution of the criminal charge. (Reply Mem. Supp. Defs.' Mot. Dismiss at 4, ECF No. 44). In her Surreply, Trainor responds that it would be an injustice to enforce the statute of limitations against her because she could not afford a criminal defense team and a civil attorney at the same time. (Surreply at 7, 9−10, ECF No. 46-1). While the Court is sympathetic to Trainor's situation and the costs of retaining counsel, litigation expenses do not toll the statute of limitations. Further, Trainor had the option to represent herself, as she does currently.

      Lastly, Trainor argues that she did not discover Rosemary McGettigan's initial report to a social worker until February 2022 and so the statute of limitations did not begin to run until then. (Opp'n at 3−4). However, Trainor's own Complaint undercuts her argument because she filed the Complaint in June 2021, long before she allegedly learned of the document's publication. (Compl. at 1). Therefore, according to her Complaint where she discusses Rosemary's "defamatory false statements to NC department of Social Services," she knew of the defamatory statement and her claims against Rosemary McGettigan at an earlier date. (Id. at 9).

      For the foregoing reasons, Trainor's Motion for Leave to File Surreply (ECF No. 46) is GRANTED and Defendants' Motion to Dismiss (ECF No. 7) is GRANTED. The Complaint is hereby DISMISSED. The Clerk is directed to CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and MAIL a copy to Trainor.

      Very truly yours,

      _____/s/_____
      George L. Russell, III
      United States District Judge